792 May 30, 2024 No. 360

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARLOS A. LOPEZ-ESPINOZA,
*Defendant-Appellant.*

Washington County Circuit Court
19CR47452; A178555

Oscar Garcia, Judge.

Submitted April 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal proceeding, defendant challenges his conviction for unlawful possession of cocaine, arguing that the trial court erred when it overruled his hearsay objection to a deputy's testimony about the address the deputy retrieved from a law enforcement database. As explained below, we agree with the state's argument that, even if the court erred by overruling the objection, the error had little likelihood of affecting the verdict. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (explaining that, under Article VII (Amended), section 3, of the Oregon Constitution, erroneously admitted evidence does not provide a basis for reversal where the error has little likelihood of affecting the verdict). Accordingly, we affirm.

Although the parties are aware of the underlying factual and procedural history, we briefly set out in this nonprecedential memorandum opinion some of the undisputed details for context. The Washington County Sheriff's Office began investigating defendant in 2019. As part of that investigation, Deputy Nichols accessed a law enforcement database and identified a Beaverton apartment as defendant's residence. Deputies surveilled the apartment and ultimately executed a search warrant there. Based on evidence discovered during the search, defendant was charged with manufacture of cocaine, manufacture of cocaine within 1,000 feet of a school, delivery of cocaine, delivery of cocaine within 1,000 feet of a school, possession of a usable amount of cocaine, and possession of two grams or more of cocaine.

Defendant waived his right to a jury trial, and the case was tried to the court. During the state's case-in-chief, the prosecutor called Nichols as a witness and asked him about his investigation, including whether he was able to "identify the—[defendant's] residence?" Defendant objected on hearsay grounds. The court overruled the objection, concluding that it was "not hearsay." The prosecutor then continued the line of inquiry and asked Nichols, "And in doing your background investigation were you able to locate an address associated with [defendant]?" Nichols answered, "Yes, I was," and then the prosecutor asked, "And where is

that address located at?" Defendant again objected: "That's the hearsay, Judge."

In response to the hearsay objection, the prosecutor sought to explain why the question was not asking for hearsay: "Judge, this is a case where he's not relying on any of these statements. He's relying on law enforcement databases and access of those databases, which also goes to a truth of—goes to what he does next in order to apply for a search warrant." The court again overruled the objection, explaining, "Okay. You know, he's looking at a screen. He's doing his research. He can testify as to his research. Right. So I don't find that to be hearsay, so overruled." Nichols then testified about the apartment's address.

Defendant was ultimately found guilty of a single count of possession of cocaine and acquitted of all other counts. On appeal, he argues that the trial court erred in overruling his hearsay objection. The state remonstrates that the court did not admit the testimony regarding the database address for the truth of the matter asserted but rather to explain Nichols's investigation; alternatively, the state argues that any error was harmless because the testimony had little likelihood of affecting the verdict.

Although the basis of the court's ruling on the testimony—and the purpose for which the evidence was admitted—is somewhat unclear on this record, we need not evaluate the merits of the trial court's ruling. That is because we agree with the state's contention that defendant was not prejudiced by the admission of Nichols's testimony regarding the address. The state offered far more specific evidence regarding defendant's association with the apartment. Nichols testified that deputies found, in one of the bedrooms of the apartment, mail with defendant's name on it; a neon sweatshirt from a contracting company that matched one that defendant was wearing in a social media photo; an "auto bill of sale" and a document from the DMV with defendant's name on them; and a bank statement with defendant's name and the apartment address on it. Nichols also testified that he had surveilled the apartment 10 to 12 times and had seen defendant at the apartment and walking into it. He further testified that deputies waited at the apartment

complex until defendant arrived, then executed the warrant once defendant arrived in the parking lot. Moreover, defendant offered, and the court received, Exhibit 101, which included defendant's name and street address. In light of all that other evidence, there is little likelihood that the trial court's verdict turned on Nichols's testimony about what was reflected in the database regarding defendant's connection to the address.

Affirmed.